KILPATRICK TOWNSEND & STOCKTON LLP
SUSAN W. PANGBORN (State Bar No. 282533)
spangborn@kilpatricktownsend.com
KENDRA C. CHAPMAN (State Bar No. 294030)
KChapman@kilpatricktownsend.com
KAYLA M. FREDERICKSON (State Bar No. 347537)
KFrederickson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
Telephone:  415 576 0200
Facsimile:   415 576 0300

Attorneys for Defendants
IQVIA HOLDINGS INC. and
Q SQUARED SOLUTIONS LLC

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATRINA WRIGHT,<br><br>    Plaintiff,<br><br>    v.<br><br>Q SQUARED LABORATORY SOLUTIONS LLC, a corporation; IQVIA HOLDINGS, INC, a corporation; TRAVIS HOAR, an individual; ABRAHAM GAYTAN, an individual; and DOES 1 THROUGH 100, inclusive,<br><br>    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF COMPLAINT BY IQVIA HOLDINGS INC. AND Q SQUARED SOLUTIONS LLC**<br><br>Complaint Filed:    February 7, 2023 |

PLEASE TAKE NOTICE THAT Defendants Q Squared Solutions LLC ("Q Squared") (erroneously named as "Q Squared Laboratory Solutions LLC") and IQVIA Holdings Inc.[1] ("IQVIA") (erroneously named as "IQVIA Holdings, Inc.") hereby remove this action from the Superior Court of the State of California, County

---

[1] IQVIA Holdings Inc. denies that it was Plaintiff's employer and denies that it has been properly named as a defendant in this matter.

NOTICE OF REMOVAL OF COMPLAINT BY IQVIA HOLDINGS INC. AND Q SQUARED SOLUTIONS LLC                                                                    - 1 -

of Orange, Case No. 30-2023-01306366-CU-WT-CJC (the "State Court Action"), to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446 on the following grounds:

### I.    STATEMENT OF JURISDICTION

This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441(b) because the suit is between "citizens of different States" and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." As set forth below, this case meets all the statutory requirements for removal and is timely and properly removed by the filing of this Notice.

### II.    STATE COURT ACTION

1.      On February 7, 2023, Plaintiff filed the State Court Action, alleging: (1) Actual/Perceived Disability Harassment, Violation of Gov't Code § 12940, *et seq.*; (2) Actual/Perceived Disability Discrimination, Violation of Gov't Code § 12940, *et seq.*; (3) Actual/Perceived Disability Retaliation, Violation of Gov't Code § 12940, *et seq.*; (4) Failure to Engage in the Mandatory Good-Faith Interactive Process, Gov't Code § 12940, *et seq.*; (5) Failure to Accommodate, Violation of Gov't Code § 12940, *et seq.*; (6) Whistleblower Violations, Labor Code § 1102.5; (7) Failure to Provide Meal & Rest Periods, Violation of Labor Code §§ 201, 226.7, 512, & IWC Wage Order No. 4; and (8) Intentional Infliction of Emotional Distress. Q Squared and IQVIA were each served with a summons and a copy of the Complaint on February 17, 2023.  Service was therefore completed on them on February 17, 2023.

2.      Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint and all other processes, pleadings, and orders served upon Q Squared and IQVIA in the State Court Action are attached as **Exhibits A through C** to the Declaration of Kendra Chapman ("Chapman Decl.") attached hereto.

3.      Upon information and belief, neither Travis Hoar nor Abraham Gaytan have been served as of the date of this filing.  As of March 30, 2023, no proof of

NOTICE OF REMOVAL OF COMPLAINT BY IQVIA HOLDINGS INC. AND Q SQUARED SOLUTIONS LLC                                                                        - 2 -

service has been filed for either individual. (*See* Chapman Decl. ¶ 10, **Exhibit D**.)

4. On March 20, 2023, IQVIA and Q Squared filed their Answer to the Complaint in Superior Court. Attached hereto as **Exhibit E** is a true and correct copy of IQVIA's and Q Squared's Answer.

## III. PROCEDURAL REQUIREMENTS FOR REMOVAL

5. In accordance with 28 U.S.C. § 1446(b)(1), Q Squared and IQVIA are filing this Notice of Removal within thirty days from the date service of the Complaint was effectuated on them.

6. Promptly after filing this Notice of Removal, Q Squared and IQVIA will give written notice of the removal to Plaintiff and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

7. The Superior Court of California, Orange County, is located within the jurisdiction of the Central District of California. This Notice of Removal is therefore properly filed in this United States District Court pursuant to 28 U.S.C. §§ 1332 and 1441(a).

8. As set forth more fully below, removal is proper under 28 U.S.C. §§ 1332(a) and 1441(a) because (1) there is complete diversity of citizenship; (2) no defendant that has been properly joined and served is a citizen of the State of California; and (3) the amount in controversy exceeds $75,000, exclusive of interests and costs.

## IV. DIVERSITY OF CITIZENSHIP JURISDICTION

9. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States," 28 U.S.C. § 1332, and such cases are explicitly within this Court's removal jurisdiction. 28 U.S.C. § 1441(a).

10. Upon information and belief, Plaintiff is a citizen of California. (Compl. ¶ 3.)

NOTICE OF REMOVAL OF COMPLAINT BY IQVIA HOLDINGS INC. AND Q SQUARED SOLUTIONS LLC                                                                - 3 -

11.    Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business. IQVIA is incorporated under the laws of the State of Delaware and has its principal place of business in North Carolina.  (See Chapman Decl. at ¶ 8.)  Therefore, IQVIA is a citizen of Delaware and North Carolina.

12.    For diversity jurisdiction purposes, "an LLC is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  All of the members of Q Squared are citizens of the State of North Carolina.  None of the members of Q Squared are citizens of the State of California.  (Chapman Decl. at ¶ 9.)

13.    Upon information and belief, neither of the individual defendants (Travis Hoar or Abraham Gaytan) have been served.  Accordingly, Plaintiff and all defendants that have been properly joined and served are citizens of different states.  28 U.S.C. § 1441(b).

**V.    AMOUNT IN CONTROVERSY**

14.    "A removing party's notice of removal need include only 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"  *Martinez v. Johnson & Johnson Consumer Inc.*, 471 F. Supp. 3d 1003, 1006-07 (C.D. Cal. 2020) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).

15.    "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (cleaned up).

16.    Plaintiff has plead that the amount in controversy exceeds the $25,000.00 jurisdictional limit for unlimited civil cases.  (See Compl. ¶ 1.)  Additionally, Plaintiff seeks to recover damages for past and future lost earnings,

NOTICE OF REMOVAL OF COMPLAINT BY IQVIA HOLDINGS INC. AND Q SQUARED SOLUTIONS LLC                                                                  - 4 -

medical and other related expenses, other general and special damages, consequential and incidental damages, statutory penalties, and punitive and exemplary damages. (*See* Compl. Request for Relief ¶¶ 1-18.) Assuming a jury returns a verdict in Plaintiff's favor on all of her claims, it is plainly more likely than not that the amount in controversy in this case exceeds $75,000.

WHEREFORE, Defendants Q Squared and IQVIA hereby remove the State Court Action filed by Plaintiff Katrina Wright from the Superior Court of California, Orange County, to this Court.

DATED: March 20, 2023      Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: *Susan W. Pangborn*

SUSAN W. PANGBORN

Attorneys for Defendants
IQVIA HOLDINGS INC. and Q SQUARED SOLUTIONS LLC

NOTICE OF REMOVAL OF COMPLAINT BY IQVIA HOLDINGS INC. AND Q SQUARED SOLUTIONS LLC      - 5 -

## **PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California. I am over the age of eighteen years and not a party to this action. My business address is Kilpatrick Townsend & Stockton LLP, Two Embarcadero Center, Suite 1900, CA 94111.

On the date set forth below, I served the foregoing document entitled **NOTICE OF REMOVAL OF COMPLAINT BY IQVIA HOLDINGS INC. AND Q SQUARED SOLUTIONS LLC** on the interested parties in this action, as follows:

| | |
|---|---|
| Adam Reisner<br>Tessa King<br>Travis Beck<br>Reisner & King LLP<br>15303 Ventura Blvd., Suite 1260<br>Sherman Oaks, CA 91403 | Tel.: 818-981-0901 |

☐ [By E-Mail] I caused said document to be sent by electronic transmission to the e-mail addresses indicated for the parties listed above.

☒ [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the foregoing document at my place of business, by placing true copies thereof, enclosed in sealed envelopes, with first class postage thereon fully prepaid, for collection and mailing with the United States Postal Service where they would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressees.

☐ [By Hand] I directed each envelope to the parties so designated on the service list to be delivered by courier this date.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on March 20, 2023, at San Francisco, California.

_____
Esther Cerletti

NOTICE OF REMOVAL OF COMPLAINT BY IQVIA HOLDINGS INC. AND Q SQUARED SOLUTIONS LLC                                                  - 6 -