UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-00506-FWS-ADS                                             Date: August 17, 2023
Title: Katrina Wright v. Q Squared Solutions LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                                    Attorneys Present for Defendants:

    Not Present                                                                      Not Present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING ACTION TO ORANGE COUNTY SUPERIOR COURT [9]**

    Before the court is Plaintiff Katrina Wright's ("Plaintiff") Motion to Remand ("Motion" or "Mot."). (Dkt. 9.) On April 20, 2023, Defendant IQVIA Holdings Inc. ("Defendant IQVIA") and Defendant Q Squared Solutions LLC ("Defendant Q Squared") filed an Opposition ("Opp."). (Dkt. 12.) On April 27, 2023, Plaintiff filed a Reply ("Reply"). (Dkt. 16.) On May 9, 2023, the court took the matter under submission. (Dkt. 24.) Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion and **REMANDS** the action to Orange County Superior Court.[1]

///
///
///

---

[1] The court notes that a motion to dismiss filed by Defendant Travis Hoar, (Dkt. 15) and a motion to dismiss filed by Defendant Abraham Gaytan, (Dkt. 31) remain pending. Because the court finds that it lacks diversity jurisdiction for the reasons discussed below, the court does not resolve these pending motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00506-FWS-ADS    Date: August 17, 2023
Title: Katrina Wright v. Q Squared Solutions LLC *et al.*

I. **Background**

Plaintiff initiated this action in Orange County Superior Court on February 7, 2023. (Dkt. 1-2 ("Compl.").)  Plaintiff alleges she was employed by Defendant IQVIA and Defendant Q Squared in April 2021 and worked in that role until her wrongful termination in December 2021.  (*Id.* ¶ 14.)  Plaintiff alleges she was an employee with a disability under the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12900 *et seq.* during this time.  (*Id.* ¶ 15.)  Plaintiff's disabilities included anxiety and an injured right hand, right wrist, shoulder, and bicep.  (*Id.* ¶¶ 15, 17.)  Plaintiff asserts Defendants harassed Plaintiff in a severe and pervasive basis because of her disabilities.  (*Id.* ¶ 18.)

In summary, Plaintiff alleges the following incidents occurred during her employment:

- On or around September 29, 2021, a forklift was placed in an unsafe area with no warning cones around to prevent an accident. (*Id.*)  Plaintiff was working a midnight shift when she attempted to open a container of dry ice. (*Id.*)  Plaintiff's foot got stuck underneath the forklift and she had no way of getting out. (*Id.*)  She fell forward and sustained serious injuries. (*Id.*)  The next morning, at around 8:30 a.m., as soon as her shift was over Plaintiff contacted her supervisor, Defendant Hoar, and provided notice of the incident. (*Id.*)  Plaintiff then went to the doctor, who gave her several medical restrictions, including not lifting anything over ten pounds, not making repetitive movement with her hands, and no pushing or pulling. (*Id.*)

- On or around October 4, 2021, Plaintiff returned to work after taking legally protected medical leave. (*Id.*)  Plaintiff had informed Defendant Hoar of her medical restrictions and provided him with documentation. (*Id.*)  Plaintiff alleges this put Defendants on notice of Plaintiff's ongoing disability and reasonable accommodation. (*Id.*)  Despite being informed of Plaintiff's medical restrictions, Plaintiff's manager, Defendant Gaytan, would consistently instruct Plaintiff to make deliveries and lift containers beyond what

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00506-FWS-ADS                                     Date: August 17, 2023
Title: Katrina Wright v. Q Squared Solutions LLC *et al.*

her restrictions allowed.  (*Id.*)  Defendant Gaytan's disregard for Plaintiff's restrictions caused Plaintiff to exacerbate her already serious injuries.  (*Id.*)

- Plaintiff began to complete her tasks at a slower pace to prevent further injury.  (*Id.*)  Defendant Gaytan would further harass Plaintiff by making statements such as, "I have to stay here longer because of you" and "I did not even take a lunch today."  (*Id.*)  Defendant Gaytan would pressure Plaintiff to work faster despite her injuries such as by stating, "Be fast!  It should only take you 20 minutes."  (*Id.*)

- On a different occasion, Plaintiff complained to Defendant Hoar that she was being instructed to complete tasks that were over her medical restrictions regarding a delivery.  (*Id.*)  Instead of remediating Defendant Gaytan's actions, Defendant Hoar only made a note to alter the delivery location.  (*Id.*)  The delivery still came to Plaintiff and she was forced to load and transport the boxes.  (*Id.*)

- In or around late October 2021, a co-worker tested positive for COVID-19.  (*Id.*)  As a result, Plaintiff was instructed to take on additional work that violated her medical restriction and exacerbated her injuries.  (*Id.*)  Plaintiff took over her co-worker's job duties with no additional help from other employees.  (*Id.*)

- In or around November 2021, Plaintiff was instructed to drive a golf cart from one location to another.  (*Id.*)  When Plaintiff told Defendant Gaytan that one of the golf carts was not working, he yelled at Plaintiff and blamed her for the golf cart not working.  (*Id.*)

- On or around December 3, 2021, Defendant Hoar called Plaintiff into a meeting and wrongfully accused her of manipulating her timecard.  (*Id.*)  Plaintiff alleges she was wrongfully terminated from her position in part due to her ongoing disability, need for reasonable accommodation, and whistleblowing unlawful conduct.  (*Id.*)  Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00506-FWS-ADS                                             Date: August 17, 2023
Title: Katrina Wright v. Q Squared Solutions LLC *et al.*

failed to investigate Plaintiff's complaints and take appropriate remedial actions at least through January 31, 2023. (*Id.*)

Plaintiff alleges all parties, including Plaintiff, are California residents or entities. (Id. ¶¶ 3-7.) Based on these allegations, Plaintiff asserts nine causes of action for violations of FEHA, violations under California Labor Code Sections 226.7 and 1102.5, intentional infliction of emotional distress, wrongful termination and retaliation. (*Id.* ¶¶ 1-190.)

Defendants removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. 1.) Plaintiff moves to remand this action to state court on the grounds that complete diversity does not exist between the parties and the amount in controversy does not exceed $75,000. (Mot. at 1-13.) Plaintiff also seeks attorney's fees incurred in filing the Motion on the ground that there was no good faith justification for Defendants' removal of the action. (*Id.* at 11-13.)[2]

---

[2] Plaintiff's counsel seeks attorney's fees under 28 U.S.C. § 1447(c) and Federal Rule of Civil Procedure 11. (Mot. at 11-13.) Section 1447(c) provides that, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* Rule 11 permits a court to impose sanctions where, for example, a party makes false representations to the court regarding the purpose of the litigation. *Id.* The court finds that attorney's fees are not warranted in this case because Defendants IQVIA and Q Squared believed removal was permitted based on the plain language of the removal statute and the procedural posture of the case at the time of removal. (*See generally* Opp.) Moreover, Plaintiff has not complied with Rule 11's separate filing requirement. *Id.* ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."). Accordingly, the court, in its discretion, declines to award fees under Section 1447(c) or Rule 11 and **DENIES** Plaintiff's request for attorney's fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00506-FWS-ADS  Date: August 17, 2023
Title: Katrina Wright v. Q Squared Solutions LLC *et al.*

## II. Legal Standard

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Thus, when a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)).

To remove based on diversity jurisdiction, the defendant must demonstrate that: (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see also Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest."). A natural person's citizenship is determined by their state of domicile, which is that individual's "permanent home, where [they] resid[e] with the intention to remain or to which [they] inten[d] to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted). However, "[i]n cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen of (1) the state in which its principal place of business is located, and (2) the state in which it is incorporated. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *3123 SMB LLC v. Horn*, 880 F.3d 461, 468 (9th Cir. 2018).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00506-FWS-ADS                          Date: August 17, 2023
Title: Katrina Wright v. Q Squared Solutions LLC *et al.*

       The defendant's burden of proof with respect to the amount in controversy varies according to the allegations in the complaint. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "When a complaint . . . alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Id.* (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 389, 402 (9th Cir. 1996). But where "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018); *Sanchez*, 102 F.3d at 404 ("Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000].").

       When assessing the amount in controversy, "the court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims in the complaint." *Campbell v. Vitran Express, Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). However, "[t]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). When the plaintiff contests the removing defendant's allegations, the court may consider "facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotation marks and citation omitted).

**III.    Discussion**

       In this case, the parties dispute two issues relevant to establishing diversity jurisdiction: (1) whether complete diversity exists based on the citizenship of Defendant Hoag and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00506-FWS-ADS                                                         Date: August 17, 2023
Title: Katrina Wright v. Q Squared Solutions LLC *et al.*

Defendant Gaytan; and (2) whether the amount in controversy exceeds $75,000.  The court addresses each issue in turn.

### a.  Complete Diversity Does Not Exist

The court first considers whether complete diversity exists in this case.  As noted above, the Notice of Removal asserts that the court's basis for subject matter jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332.  (Dkt. 1.)  *See Caterpillar Inc.*, 519 U.S. at 68 (stating diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"); *Kuntz*, 385 F.3d at 1181 ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest.").

Defendant IQVIA and Defendant Q Squared argue that they properly removed this case on March 20, 2023, because Defendant Hoag and Defendant Gaytan had not been served at that time.  (Opp. at 5-6.)  According to Defendant IQVIA and Defendant Q Squared, an action alleging diversity jurisdiction can be removed if diversity exists based on the parties that have been served at the time of removal.  (*See* Opp. at 10-13 (citing to cases interpreting the removal statute)); 28 U.S.C. § 1441(b)(2) (emphasis added) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought.").

However, even if Defendant Hoag and Defendant Gaytan had not been served by the time this case was removed on March 20, 2023, both individual Defendants have since appeared in this action.  (*See, e.g.*, Dkts. 15, 31.)  Moreover, following removal, Defendant Hoag filed a declaration stating that he is a California citizen.  (*See* Dkt. 12-6 ¶¶ 3-4.)  Accordingly, based on the record before the court, the court concludes that at least Defendant Hoag and Plaintiff are California citizens, such that complete diversity does not exist.  (Dkt. 1 at 3; Dkt. 12-6 ¶¶ 3-4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00506-FWS-ADS                                         Date: August 17, 2023
Title: Katrina Wright v. Q Squared Solutions LLC *et al.*

Although Defendants argue the court should not consider the citizenships of Defendant Hoag and Defendant Gaytan, Ninth Circuit precedent dictates otherwise. *See Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); *see also Lam Sing v. Sunrise Senior Mgmt., Inc.*, 2023 WL 3686251, at *3 (N.D. Cal. May 26, 2023) (citation and internal quotation marks omitted) ("Snap removal may apply in a situation where a defendant was able to remove . . . because it managed to remove the case before [plaintiff] was able to serve it."); *id*. at *2 ("Snap removal does not solve the fundamental problem of lack of complete diversity.").

The court next considers the alternative argument presented by Defendant IQVIA and Defendant Q Squared—that Defendant Hoag and Defendant Gaytan are "sham" defendants whose citizenships should not be considered for establishing complete diversity. (Opp. at 7-10.)

**b.  Defendant Hoag and Defendant Gaytan are not Sham Defendants**

The court next considers the citizenship of Defendants Hoag and Gaytan and whether they are "sham" defendants whose citizenships should not be considered for purposes of establishing diversity jurisdiction.

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992) (citation and internal quotation marks omitted). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc*., 236 F.3d 1061, 1067 (9th Cir. 2001) (citation and internal quotation marks omitted). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp*., 494 F.3d 1203, 1206 (9th Cir. 2007). "[I]f there is any possibility that the state law might impose liability on a resident defendant under the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00506-FWS-ADS                              Date: August 17, 2023
Title: Katrina Wright v. Q Squared Solutions LLC *et al.*

circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007)).

In this case, Defendant IQVIA and Defendant Q Squared argue Defendants Hoar and Gaytan are sham defendants because, based on the allegations of the Complaint, Plaintiff cannot state a claim against either individual Defendant. (Opp. at 6-10.) Defendant IQVIA and Defendant Q Squared argue any claims against the individual defendants must fail because the alleged harassment was not "severe enough or sufficiently pervasive to alter the conditions of her employment and create a hostile or abusive work environment," and simply reflect managerial or personnel management decisions. (*Id*. (quoting *Lyle v. Warner Bros. Television Prods*., 38 Cal. 4th 264, 283 (2006).)

The court first considers whether Plaintiff has failed to state a claim against Defendant Hoar and Defendant Gaytan and if that failure is "obvious according to the settled rules of the state." *Morris*, 236 F.3d at 1067. In this case, the Complaint asserts two claims against Defendant Hoar and Defendant Gaytan: (1) the first cause of action for actual and/or perceived disability harassment under Cal. Gov. Code § 12940 *et seq*.; (2) the eighth cause of action for intentional infliction of emotional distress. (*See* Compl.)

As to the first cause of action for actual and/or perceived disability harassment, FEHA prohibits an employer from harassing an employee, applicant, unpaid intern or volunteer, or person providing services under contract "because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, reproductive health decisionmaking, or veteran or military status." Cal. Gov. Code § 12940(j)(1). Such harassment is unlawful "if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action." *Id*. "An entity shall take all reasonable steps to prevent harassment from occurring" and "[l]oss of tangible job benefits shall not be necessary in order to establish harassment." *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00506-FWS-ADS    Date: August 17, 2023
Title: Katrina Wright v. Q Squared Solutions LLC *et al.*

"Harassment is not conduct of a type necessary for management of the employer's business or performance of the supervisory employee's job." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 63 (1996). "Discrimination claims, by contrast, arise out of the performance of necessary personnel management duties." *Id.* "[T]o prevail, an employee claiming harassment based upon a hostile work environment must demonstrate that the conduct complained of was severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees." *Miller v. Dep't of Corr.*, 36 Cal. 4th 446, 462 (2005).

As to the eighth cause of action for intentional infliction of emotional distress, under California law, "[t]he elements of the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Christensen v. Superior Ct.*, 54 Cal. 3d 868, 903 (1991) (citation and internal quotation marks omitted). Outrageous conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (citation and internal quotation marks omitted). "It is not enough that the conduct be intentional and outrageous." *Id.* "It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware." *Id.*

In this case, the court finds Defendant IQVIA and Defendant Q Squared have not met their burden of showing by clear and convincing evidence that Plaintiff is foreclosed from pursuing a claim against either Defendant Hoag or Defendant Gaytan. As noted above, the Complaint alleges Plaintiff was injured after getting her foot stuck under a forklift, and over a period of several months, was forced to make deliveries and lift containers beyond her medical restrictions. (Compl. ¶ 18.) Plaintiff alleges Defendant Gaytan, who was her direct manager, harassed her by, for example, making comments to Plaintiff, pressuring Plaintiff to work faster despite her injuries, and yelling at Plaintiff. (*Id.*) Plaintiff alleges Defendant Hoar, who was her supervisor, did not remediate Defendant Gaytan's actions and was responsible for terminating Plaintiff. (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00506-FWS-ADS                                              Date: August 17, 2023
Title: Katrina Wright v. Q Squared Solutions LLC *et al.*

    The court finds that Defendants IQVIA and Q Squared have not sufficiently demonstrated there are *no* circumstances under which Defendants Hoar and Defendant Gaytan could be held liable to Plaintiff.  The court observes a FEHA harassment claim must be evaluated based on the "totality of the circumstances" and similarly, there is no bright line rule for an intentional infliction of emotional distress claim.  *See, e.g., Miller,* 36 Cal. 4th at 462 ("The working environment must be evaluated in light of the totality of the circumstances."); *Yurick v. Superior Ct.*, 209 Cal. App. 3d 1116, 1128 (1989) ("[T]he standard for judging outrageous conduct does not provide a 'bright line' rigidly separating that which is actionable from that which is not.").

    The court reiterates that remand is necessary "if there is *any* possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint." *Hunter*, 582 F.3d at 1044 (emphasis added).  This principle also applies to the possibility of liability in a future amended complaint.  *See Revay v. Home Depot U.S.A., Inc.*, 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015) (cleaned up and citation omitted) ("If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, or in a future amended complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary."); *see also Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) ("Even if Plaintiff did not plead facts sufficient to state a claim against [an employee defendant], Defendants have not established that Plaintiff could not amend her pleadings and ultimately recover against [that defendant] for harassment under [a different statute].").

    Accordingly, the court finds that Defendants IQVIA and Q Squared have not met their burden of showing that Defendants Hoar and Gaytan were fraudulently joined, such that their citizenship should be disregarded for purposes of establishing diversity jurisdiction.  Because the court finds that Defendants Hoar and Gaytan are not sham defendants, the court also finds that complete diversity jurisdiction is lacking between each of the named parties because at least Plaintiff and Defendant Hoar are California citizens.  *See Caterpillar Inc.*, 519 U.S. at 68 (stating diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."); *Kuntz*, 385 F.3d at 1181 ("For a case to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00506-FWS-ADS                                   Date: August 17, 2023
Title: Katrina Wright v. Q Squared Solutions LLC *et al.*

qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest."). Because complete diversity is lacking, the court need not consider whether the amount in controversy is met. Without complete diversity jurisdiction, remand to state court is appropriate. Therefore, the Motion is **GRANTED**.

**IV.    Disposition**

      For the reasons set forth above, the Motion is **GRANTED** and the action is **REMANDED** to Orange County Superior Court. The Clerk of Court is directed to close this matter.

                                                                            Initials of Deputy Clerk: mku